Mrs. Peter McDermott, Defendant in Error, v. Thomas Brennan, Plaintiff in Error.

## Gen. No. 15,651.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Error to the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed June 1, 1911.

CUNNEA, SCULLY & RAFFERTY, for plaintiff in error.

MILES J. DEVINE, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This writ of error is sued out to reverse a judgment obtained by the defendant in error—plaintiff below—for the balance of the purchase price of a horse, wagon and harness which she maintains belonged to her, and which the defendant bought from her husband. The defense was that the defendant paid the husband for them supposing that the husband owned them. If this is true, it is a hard case for the plaintiff in error, but he has after all—if the stories told by Mrs. McDermott, Willie McDermott and Mrs. Mary Brennan are

to be believed—only himself to blame for too little caution in dealing with the property. We cannot say with certainty on which side the truth lies, where the plaintiff's and defendant's stories are conflicting, but the trial judge evidently believed the plaintiff, Mrs. McDermott, and we have no ground for reversing his finding. Counsel for plaintiff in error argue that the law protects a person who deals with another for chattels, over which he exercises an apparent right of possession, entrusted to him by their true owner. If this can be called a rule, it has rigid limitations and conditions. The difficulty in this case is not in the law, but in the facts. Here the plaintiff testified that the property was hers and paid for with her money, and that she so informed Brennan before he paid her husband, and warned him to pay her and not her husband. Brennan admits receiving notice from the wife not to pay her husband the money, and that he promised not to, but says that she afterwards revoked this warning and told him that it would be all right to give her husband the money. The judge of the Municipal Court who tried the case, without a jury, evidently did not believe this statement, and we are unable to say that it is manifest that he should.

The evidence in the cause for the plaintiff further tends to show that the defendant on various occasions recognized in his speech at least the ownership of the plaintiff of the rig and horse sold.

The judgment is affirmed.

*Affirmed.*